UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

BRUCE L. CLINGEN,

Plaintiff,

vs

PORTFOLIO RECOVERY ASSOCIATES, LLC, and
EXPERIAN INFORMATION SOLUTIONS, INC.

Defendants.
_____/
ADAM S. ALEXANDER (P53584)
ANDREW R. MIKOS (P76268)
Attorneys for Plaintiff
17200 W 10 Mile Rd Ste. 200
Southfield, MI 48075
(248) 246-6353
adalesq@gmail.com
andrew@alexanderfirm.com
_____/

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

JURISDICTION

1.   Jurisdiction of this court arises under 15 U.S.C. §1681p.

2.   This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"] ), the and Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq ("FDCPA").

3.   This action is also brought under common law, and this court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims under 28 U.S.C. §1367.

VENUE

4. Plaintiff Bruce Clingen, ("Plaintiff" or "Mr. Clingen"), currently resides in Sparta, Michigan, and the actions alleged herein accrued in Sparta, Michigan, so that venue is proper in the Western District of Michigan.

## PARTIES

5. The Parties to this lawsuit are:

   a. Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq ("FDCPA") at 1692a(3), and a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq ("FCRA") at 1681a(c).

   b. Defendant Portfolio Recovery Associates, LLC, ("PRA"), is furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer; PRA is also a "debt collector" under the FDCPA, 15 U.S.C. §1692a(6).

   c. Defendant Experian Information Solutions, Inc. ("Experian") which is an Ohio company that maintains as registered agent in Oakland County, Michigan; General Allegations

## General Allegations

6. Plaintiff's wife Deborah Clingen opened a credit card account, with U.S. Bank in 2001, which was ultimately placed with PRA for collection.

7. Bruce Clingen was an "authorized user" on the account, but not legally bound by the debt.

8. Ultimately, U.S. Bank engaged PRA to collect the debt relating to the above referenced account.

9. In 2010 Deborah Clingen filed for Bankruptcy. U.S. Bank was notified by the U.S. Bankruptcy Court of this bankruptcy filing and is listed in Exhibit F as a creditor with notice.

10. Despite this notice, PRA continued to report Bruce Clingen's credit inaccurately including reporting it as "charged off", failing to report "included in bankruptcy" or the like and listing Bruce Clingen as the "primary borrower".

11. On August 10, 2014, Plaintiff initiated a lawsuit against PRA and U.S. Bank in the U.S. District Court for the Western District of Michigan, Case #14-cv-00851 in the Court of Hon. Paul L. Maloney. (**Exhibit A**).  The lawsuit alleged, in part, that PRA violated the FCRA based on their reporting of the U.S. Bank account on Mr. Clingen's credit report.

12. In October of 2014, Mr. and Ms. Clingen settled the above referenced lawsuit with PRA, and the parties signed a "Full and Final Release" which specifically governs the way PRA should report the above referenced account in the future. (The Release includes a confidentiality clause and Plaintiff hereby requests that the Court permit Plaintiff to disclose the Release to the Court for review).

13. In 2016 Plaintiff reviewed his credit reports and discovered that PRA was not reporting the account accurately, and that PRA was reporting the account in violation of the Release described above.

14. In March of 2016, Plaintiff disputed the above referenced credit reporting with Equifax, Experian and Transunion, by certified mail with adequate description and explanation as to why the accounts were reported in error.

15. Equifax, Experian and Transunion received the disputes and only Experian violated the law in response to these disputes as summarized below.

16. Non-Defendants Equifax and Transunion correctly deleted the account from Plaintiff's credit report.

17. PRA received the disputes from the credit bureaus and then wrongly verified the inaccurate information with the credit bureaus.

18. As a result of the negative and inaccurate credit reporting, Plaintiff's credit score and credit reputation was adversely affected and Plaintiff is prevented from reasonably applying for credit.

19. Defendants were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

20. PRA failed to conduct a reasonable investigation and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

21. PRA failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report.

22. The false information was and continues to be furnished by PRA.

23. PRA failed to reasonably reinvestigate under 15 U.S.C. § 1681s 2(b) and this failure was willful, and wrongly verified the inaccurate information.

24. As a result of PRA's willful failure to abide by 15 U.S.C. § 1681s 2(b), Plaintiff has suffered and continues to suffer monetary damages and inability to procure credit at a favorable rate, and/or denial of credit, as well as damage to credit reputation, attorney fees and costs.

25. PRA also has engaged in collection activity of the above referenced discharged account by continuing to report it on Mr. Clingen's credit report in violation of the FDCPA.

26. Plaintiff seeks equitable damages, including correction or deletion of the subject trade line from Plaintiff's credit reports, along with money damages,

both actual and statutory, in whatever amount the jury finds Defendants liable plus attorney fees, litigation costs and court costs, and the claims are otherwise within the jurisdiction of this Court.

27. Defendant Experian violated the law as detailed below.

### COUNT I – FAIR CREDIT REPORTING ACT – PRA

28. Plaintiff incorporates the preceding allegations by reference.

29. PRA was required under 15 U.S.C. § 1681s 2(b), to respond to the request for reinvestigation initiated by Plaintiff through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade line and providing accurate information to the credit reporting agencies regarding that trade line.

30. In the event that PRA was unable to verify the information, which it had reported, they were required to advise the credit reporting agency of this fact.

31. Following the reinvestigation, PRA reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s 2(b).

32. Following the reinvestigation, PRA reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s 2(b).

33. Following the reinvestigation PRA, reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s 2(b).

34.     PRA willfully refused to properly to put in place adequate procedures to reinvestigate the inaccuracies in Plaintiff's credit report in violation of 15 U.S.C. §§ 1681s 2(b) and 1681n.

35.     In the alternative, PRA negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s 2(b) and 168o.

36.     PRA willfully refused to properly reinvestigate the inaccuracies in Plaintiff's credit report in violation of 15 U.S.C. §§ 1681s 2(b) and 1681n.

37.     In the alternative, PRA negligently failed to conduct a proper reinvestigation of Plaintiff's credit reporting dispute in violation of 15 U.S.C. §§ 1681s 2(b) and 168io.

38.     Plaintiff has suffered damages as a result of these violations of the FCRA, in an amount to be determined by the Court.

### COUNT II - VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

39.     Plaintiff incorporates the preceding allegations by reference.

40.     Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiff as that term is defined in 15 USC 1681a.

41.     Such reports contained information about the Plaintiff that was false, misleading and inaccurate.

42.     Experian willfully refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it

6

reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b).

43. In the alternative, Experian negligently refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b).

44. After receiving the Plaintiff's consumer dispute to the PRA trade line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

45. In the alternative, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

46. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, the Plaintiff has suffered actual damages, including denial of credit, reduced opportunity for credit, increased costs, interest and fees for credit, along with emotional distress, humiliation and embarrassment.

47. Experian is liable to the plaintiff by reason of its violation of the FCRA in an amount to be determined by the jury together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Experian for actual damages, costs, interest and attorneys' fees.

### COUNT III - FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) DEFENDANT PRA ONLY

48. Plaintiff incorporates the preceding allegations by reference.

49. PRA, at all times relevant hereto, and in the ordinary course of business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

50. Reporting a debt which cannot legally be collected is an attempt to collect a debt.

51. PRA has engaged in violations of the FDCPA, including but not limited to:

> a) using generally false, misleading or unfair methods to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692e;
>
> b) using unfair or unconscionable means to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692f.
>
> c) reporting to a credit bureau information that it knew or should have known was inaccurate in violation of the general prohibitions in 15 U.S.C. §1692e(8).

52. Plaintiff has suffered damages as the result of Defendant's violations of the FDCPA, including statutory damages, and actual damages including emotional distress, humiliation, embarrassment and mental anguish.

## **COUNT IV – DEFAMATION**

53. Plaintiff incorporates the preceding allegations by reference.

54. Defendants caused to be published one or more written false statements which were intended to impeach Plaintiff's honesty, integrity, credit worthiness and/or reputation.

55. The defamatory statements were not accurate, including, but not limited to, the following:

> a) That Plaintiff has a derogatory collection account with PRA.

56. Plaintiff is not a public figure.

57. The statements imputed by Defendants to the public through the three major credit reporting agencies represents a slur on Plaintiff's character by Defendants, including her honesty, integrity, virtue, or reputation, and credit worthiness.

58. The defamatory statements resulted in damages to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for injunctive relief and damages in an amount deemed at time of trial to be just, fair, and appropriate.

## DEMAND FOR JUDGMENT AND RELIEF

Accordingly, Plaintiff requests:

a. Statutory and actual damages in an amount to be determined by the Court.

b. Deletion of the Account being wrongfully reported to any credit bureau by any Defendants.

c. Statutory costs and attorney fees.

d. Injunctive relief, including, but not limited to, deletion of the account.

e. Compensatory and/or punitive damages.

f. Any other relief, which this Court deems, appropriate.

g. Trial by Jury.

Respectfully submitted,

By: **/s/ ADAM S. ALEXANDER**
ADAM S. ALEXANDER (P53584)
ANDREW R. MIKOS (P76268)
Attorneys for Plaintiff
17200 W. Ten Mile Rd., Suite 200
Southfield, MI  48075
(248) 246 6353
adalesq@gmail.com
andrew@alexanderfirm.com

April 13, 2016

10